

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| ALTON T. ADAMS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:25-13353-MGL |
| | § | |
| DIRECTOR, SOUTH CAROLINA | § | |
| DEPARTMENT OF PROBATION, PAROLE | § | |
| AND PARDON SERVICES, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,**
**DISMISSING THE PETITION WITHOUT PREJUDICE**
**AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN,**
**DENYING PETITIONER'S MOTION FOR JUDGMENT AS A MATTER OF LAW,**
**AND RENDERING AS MOOT ALL REMAINING MOTIONS**

Petitioner Alton Adams filed this amended habeas petition (the petition) against Respondent Director, South Carolina Department of Probation, Parole and Pardon Services. Adams is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the petition be dismissed without prejudice and without requiring Director to file a return, and Adams's motion for judgment as a matter of law be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 26, 2026.  The Clerk entered Adams initial objections on March 30, 2026, and then what the Court construes as his supplemental objections on May 20, 2026.  The Court has carefully considered both sets of objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

As per the Magistrate Judge, Adams "has not yet attempted to collaterally attack his conviction or sentence.  Therefore, this action should be summarily dismissed for failure to exhaust state remedies."  Report at 3.

Adams's objections to the Report are so lacking in merit as to make a discussion of them unnecessary.  Nevertheless, in an abundance of caution, the Court has made a de novo review of the Report, but is unpersuaded the Magistrate Judge has erred in any respect.  Because the Court agrees with the analysis and discussion of the Magistrate Judge, it will refrain from repeating it here.  As such, Adams's objections will be overruled.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Adams's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court the petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Director to file a return, and Adams's motion for judgment as a matter of law is **DENIED**.  Given the petition is dismissed without prejudice, all other pending motions are necessarily **RENDERED AS MOOT**.

To the extent Adams asks for a certificate of appealability, such request is **DENIED**.

2

**IT IS SO ORDERED**.

Signed this 21st day of May, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\

\* \* \* \* \*

**NOTICE OF RIGHT TO APPEAL**

Adams. is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3